```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                           EASTERN DIVISION
```

**DWAYNE HARRIS,**

     **Plaintiff,**

    v.                                   **Case No. 2:10-CV-012**
                                             **JUDGE FROST**
                                             **MAGISTRATE JUDGE KING**

**TERRY COLLINS,** *et al.,*

     **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's *Motions for Reconsideration* of the Magistrate Judge's March 2, 2011 *Report and Recommendation*. Doc. Nos. 44 and 45. The Court considers the matter *de novo*. 28 U.S.C. § 636(b).

**I.**

This is an action under 42 U.S.C. § 1983 in which Plaintiff Dwayne Harris ["Plaintiff"], a state inmate, claims that he was denied parole in retaliation for the exercise of his constitutional rights. Defendants in this action include Terry Collins, former Director of the Ohio Department of Rehabilitation and Correction ["ODRC"] and seven members of the Ohio Parole Board.

Plaintiff claims that the denied of parole was based on his filing various lawsuits. During his parole hearing on June 10, 2009, Plaintiff alleges, he was asked by Defendant Ellen Venters whether he knew how much money he had cost taxpayers as a result of the number of lawsuits that he had filed. *Plaintiff's Declaration* at ¶ 8, Doc. No.

38.     Plaintiff claims that Venters told him that he must "pay for that with this additional [five] years [I] am recommending you to receive[ ] . . . ." *Id.*  Plaintiff seeks a new parole hearing and challenges the decision that he serve an additional sixty months in prison.  *Complaint*, Doc. No. 5, at ¶¶ 14, 22.

Defendant Venters avers that Plaintiff was denied parole because the Parole Board determined that he "was not yet suitable for release due to the violent nature of [his] multiple offenses, [his] extensive criminal history, and [his] poor institutional conduct."  *Affidavit of Ellen Venters*, at ¶ 5, attached as Exhibit B to *Defendants' Motion for Summary Judgment*.  Venters also avers that she did not consider Plaintiff's litigation history in reaching this conclusion, nor was she aware of the number of lawsuits that Plaintiff had filed.  *Id.* at ¶ 6.  Defendant Cynthia Mausser, Chair of the Parole Board, offers a similar affidavit.  *Affidavit of Cynthia Mausser*, attached as Exhibit A to *Defendants' Motion for Summary Judgment*.

Plaintiff is currently serving an aggregate sentence of twenty to fifty years in prison.  *Mausser Affidavit*, at ¶ 4.  Plaintiff was convicted in state court in 1982 of one count of rape and one count of aggravated burglary.  In 1989, and following his release on parole, Plaintiff was convicted in state court of two more counts of rape, one count of kidnapping, one count of felonious assault, and one count of aggravated assault.  These crimes were committed while Plaintiff was on parole.  *Id.*

Defendants filed a *Motion for Summary Judgment*, Doc. No. 35, and Plaintiff filed a *Motion for Additional Discovery* pursuant to Fed. R.

Civ. P. 56(d), Doc. No. 38. In support of that motion, Plaintiff submitted a declaration stating that he had not been provided any discovery and that he could "prove, after discovery and with circumstantial evidence, that his parole would not have been denied" but for an improper retaliatory motive. *Plaintiff's Declaration*, Doc. No. 38, at ¶ 1. The Magistrate Judge observed that Plaintiff was in possession of his parole decisions sheets, which identify the reasons for the denial of parole. *See Report and Recommendation*, Doc. No. 42, at 4. The Magistrate Judge concluded that Plaintiff did not "sufficiently identify how additional discovery [would] assist him in opposing the Defendants' motion." *Id.* "Plaintiff's bare allegation that Defendants are in possession of certain [other] files is insufficient for purposes of [obtaining additional discovery under] Rule 56(d)." *Id.* at 4-5. Thus, the Magistrate Judge denied Plaintiff's motion.

In his *Motions for Reconsideration,*[1] Plaintiff fails to articulate how additional discovery would assist him in his pursuing his claim. Indeed, Plaintiff argues that there is "enough circumstantial evidence that . . . one could reasonably infer retaliation." *Motions for Reconsideration*, Doc. Nos. 44 and 45, at 4. The Court agrees with the Magistrate Judge that Plaintiff has failed to satisfy the standard of Rule 56(d) for additional discovery. Plaintiff's objection to this aspect of the Magistrate Judge's decision is overruled.

The Magistrate Judge also recommended that Defendants' *Motion for*

---

[1]The Court notes that Plaintiff has filed two *Motions for Reconsideration,* which are identical. Doc. Nos. 44, 45.

*Summary Judgment*, Doc. No. 35, on Plaintiff's retaliation claim be granted. *Report and Recommendation*, Doc. No. 42. In particular, the Magistrate Judge concluded that, although the filing of a lawsuit is constitutionally protected conduct, the evidence of record established that Defendants would have taken the same action, *i.e.*, denied parole, in the absence of Plaintiff's protected conduct. *Report and Recommendation*, Doc. No. 42, at 7.

Plaintiff objects to this conclusion and argues that circumstantial evidence supports his claim. *Motions for Reconsideration*, Doc. Nos. 44 and 45 at 3-4. According to Plaintiff, genuine issues of material fact exist on his claim that warrant the denial of Defendants' motion. This Court disagrees.

Under controlling Sixth Circuit authority, if Defendants can establish that the same decision would have been reached even in the absence of Plaintiff's protected activity, the Defendants are entitled to summary judgment on a retaliation claim. *Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999). In this case, Defendants offer evidence establishing that, regardless of Plaintiff's litigation history, he was denied parole on account of his violent criminal history and his poor institutional conduct. In other words, Defendants would have taken the same action even in the absence of Plaintiff's protected activity. The Court concludes that, in view of this evidence, Defendants are entitled to summary judgment on Plaintiff's claim that he was denied parole in retaliation for the exercise of his constitutional rights. The Court agrees with the Magistrate Judge's recommendation that the Defendants' motion is meritorious.

The Court notes that, in his *Motions for Reconsideration*, Doc. Nos. 44 and 45, at 6, Plaintiff argues that the undersigned "refused to review" a *Report and Recommendation*, Doc. No. 32, which recommended denial of Plaintiff's motions for default judgment. Plaintiff's argument is misplaced. On December 3, 2010, this Court adopted and affirmed a *Report and Recommendation* of the Magistrate Judge to which there had been no objection filed. *Order*, Doc. No. 36. As Plaintiff had been advised, *see Report and Recommendation*, Doc. No. 32, at 8, a party's failure to object to a report and recommendation constitutes a waiver of the right to *de novo* review by the District Judge. In adopting the *Report and Recommendation* to which no party had made objection, this Court accorded to the recommendation of the Magistrate Judge the standard of review to which the parties were entitled.

Finally, Plaintiff has filed a motion requesting rulings on existing pending motions. Doc. No. 41. Since all motions in this action have now been resolved, Plaintiff's motion in this regard is denied as moot.

## II.

**WHEREUPON**, Plaintiff's *Motions for Reconsideration*, **Doc. Nos. 44 and 45** are **DENIED.** The decision of the Magistrate Judge, **Doc. No. 42**, is **ADOPTED and AFFIRMED.** Defendants' *Motion for Summary Judgment*, **Doc. No. 35**, is **GRANTED**. Plaintiff's *Motion* for rulings on existing motions, **Doc. No. 41**, is **DENIED as moot.**

This action is **DISMISSED.** The Clerk is **DIRECTED** to enter **FINAL**

**JUDGMENT.**

      /s/   Gregory L. Frost
Gregory L. Frost
United States District Judge